IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAVANNA SPENCER, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 3:06-CV-1099 |
| DONALD KELCHNER, et al., | : (JUDGE KOSIK) |
| Defendants | : |

**MEMORANDUM AND ORDER**

AND NOW, THIS 9th DAY OF JANUARY, 2007, IT APPEARING TO THE COURT THAT:

1. Plaintiff, Ravanna Spencer, an inmate confined at the State Correctional Institution at Camp Hill, commenced the instant civil rights action pursuant to 42 U.S.C. § 1983 on May 31, 2006.  An amended complaint was filed on August 21, 2006;

2. The matter was assigned to Magistrate Judge Thomas M. Blewitt;

3. On September 7, 2006, the Magistrate Judge filed a thirty-one (31) page Report and Recommendation, wherein he recommended that:

> Based on the foregoing, it is respectfully recommended that Plaintiff's action as against Defendants Kelchner, Beard and Law be dismissed.  Specifically, we find that Defendants Kelchner and Beard lack sufficient personal involvement in this case.  We find that Defendant Law, by denying Plaintiff's grievance, is not sufficiently involved in the case.  We also find no conspiracy claim is stated as to Defendant Law.  We find that Plaintiff's Fifth Amendment Due Process claim with respect to his placement in the SMU should be dismissed, and that his Fourteenth Amendment Equal Protection claim as against all Defendants

-1-

        should be dismissed.  Further, we find that Plaintiff's claims as against the Defendants in their official capacities should be dismissed to the extent that he seeks money damages.  We find that Defendants Southers and Whaling should be dismissed.  We find that Plaintiff has stated a First Amendment retaliation claim against Defendant Newton, and that he has stated Eighth Amendment claims against Defendants Newton, Kalsky and Kahn.  Finally, it is recommended that this case be remanded to the undersigned for further proceedings.

    5. While plaintiff requested an extension of time in which to file objections to the Report and Recommendation, which was granted by the court, no objections were filed to the Report and Recommendation;

    AND, IT FURTHER APPEARING THAT:

    6. If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a _de novo_ review of his claims.  28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a Magistrate Judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987);

    7. We have reviewed the Magistrate Judge's Report and we find the factual and legal analysis to be thorough and accurate.  Therefore, we will adopt his recommendations in their entirety.[1]

---

[1] We note that subsequent to the filing of the Report and Recommendation several additional filings have been made by the plaintiff.  We refer these subsequent filings to the Magistrate Judge for disposition.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated September 7, 2006 (Document 22) is adopted in its entirety; and

2. The above-captioned action is remanded to the Magistrate Judge for further proceedings.

s/Edwin M. Kosik<br>United States District Judge